COMMUNITY HOTEL CORPORATION OF LONG BRANCH, NEW JERSEY, Plaintiff, *v.* LOUIS GILBERT, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 11, 1930.

*Joseph O. Skinner,* for the plaintiff.

*Joseph E. Cavanagh,* for the defendant.

CHILVERS, J. The defendant's intestate, with a number of others, entered into a subscription agreement for taking preferred shares in a corporation to be organized under the laws of New Jersey, they to pay par for the preferred shares and to receive one share of no par stock as a bonus with each two shares of preferred.

The corporation was organized, the certificate authorizing it to issue its no par stock as a bonus without consideration. The defendant's intestate paid two installments on the purchase price, and this action is for the balance.

The agreement having been made in New Jersey, for performance there, the law of that State controls the substantive rights of the parties. In the absence of contrary showing by testimony, the common law there will be presumed to be the same as in our State.

Defendant first attacks plaintiff's claim by arguing that the plaintiff corporation was not legally organized, because, he says, it was illegal to organize a company there with authority to issue bonus stock. The plaintiff put in evidence an exemplified copy of the certificate of incorporation, but this proved only the fact of filing the certificate and the contents thereof. In an action on a subscription agreement made prior to incorporation, the plaintiff generally must show the existence of the corporation *de jure* and not merely *de facto*. (*Dorris* v. *Sweeney*, 60 N. Y. 463.) The duty to pay does not arise until a corporation is effectively organized, unassailable in its corporate existence and legally authorized to do that which the agreement contemplated. This in the absence of estoppel. I do not find the elements of estoppel here.

There is nothing in evidence, however, showing that under the laws of New Jersey, applicable here, a corporation might not be organized with authority to issue no par shares without consideration. The cases offered by the defendant deal with par value shares, and section 121 of chapter 318 of the Laws of 1926 of that State, which speaks of the power of a corporation to *issue and sell* no par shares, postdated the contract before us by over two years. The provision in the statute of 1917, offered by the defendant, to the effect that "no fictitious stock shall be issued" is in a section that deals with issuance of stock for property or labor, and says that stock may be issued for this purpose provided the property or labor is taken at a *bona fide* reasonable valuation and provided no fictitious stock is issued. The last proviso cannot be taken out of the section and held up as a further prohibition against transactions not mentioned in it or connected with it. Even if it were, I can see nothing "fictitious" in the issuance of no par shares without consideration. Creditors cannot be deceived, nor can any one else dealing with the corporation. An examination of the certificate would disclose that some or all of the no par shares may have been issued as a bonus.

The defendant then urges that the subscription agreement, on which the cause of action is based, is illegal because it contemplated

the issuance of illegal stock. The first answer to this is that there is no evidence in the case, as we have seen, to prove the illegality of such stock. And another answer is that the agreement did not necessarily contemplate any such thing. It did not say bonus stock was to be issued without consideration, but each purchaser of the preferred at par from the corporation was to " receive " a bonus of no par common. The no par shares could have been issued for a small consideration, as is frequently done, and the purchasers of the preferred could receive them from the holders or from the corporation treasury, to which they might have been turned over. Even if the issuance of no par shares without consideration were illegal when the contract was made, there is no warrant for giving it a construction tainting it with illegality when another construction is possible rendering it valid.

The plaintiff should have judgment for $992.